1  Teresa C. Chow (SBN 237694)
2  *tchow@bakerlaw.com*
   **BAKER & HOSTETLER LLP**
3  1900 Avenue of the Stars, Suite 2700
   Los Angeles, CA 90067
4  Telephone: 310.820.8800
   Facsimile   310.820.8859
5
   *Attorneys for Defendant*
6  EUROPEAN WAX CENTER, INC.

7

8

   **UNITED STATES DISTRICT COURT**
9
   **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12 | SYDNEY DUNN, individually and on behalf of all others similarly situated,

13 |              Plaintiff,

14 | v.

15 | EUROPEAN WAX CENTER, INC.,

16 |              Defendant.

17

CASE NO.:  4:25-CV-05494-JST

**DEFENDANT EUROPEAN WAX CENTER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

*[Filed Concurrently with Proposed Order]*

**Date**:   November 20, 2025
**Time**:   2:00 p.m.
**Dept.**:   Courtroom 6, 2nd Floor

**Action Filed:** June 30, 2025

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**TO THE HONORABLE COURT, AND TO PLAINTIFF AND HER COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on November 20, 2025, at 2:00 p.m., in Courtroom 6 of the above-entitled Court located on the 2nd Floor of the Robert F. Peckham Courthouse, at 1301 Clay Street, Oakland, CA 94612, Defendant European Wax Center, Inc. ("Defendant"), will and hereby does move to dismiss with prejudice the Class Action Complaint ("Complaint") of Plaintiff Sydney Dunn ("Plaintiff"), filed individually and on behalf of others similarly situated (Dkt. 1).

Defendant respectfully submits this Motion pursuant to Fed. R. Civ. P. 12(b)(6) on the ground that Plaintiff fails to allege sufficient facts to plead: (1) a violation of the federal Electronic Communication Privacy Act ("ECPA"); (2) a violation of the California Invasion of Privacy Act ("CIPA"), California Penal Code § 631(a); and (3) invasion of privacy under California's constitution.

This Motion is based on this Notice, the Memorandum of Points and Authorities, all pleadings, papers and records on file in this Action, and such other oral argument and documentary evidence as may be presented at or before the time of adjudication of this Motion.

Dated:  September 15, 2025                    Respectfully submitted,

                                             **BAKER & HOSTETLER LLP**
                                             By:    */s/ Teresa C. Chow*
                                                    Teresa C. Chow
                                                    *Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................ 9

I.      INTRODUCTION ........................................................................................... 9

II.     FACTUAL BACKGROUND .......................................................................... 10

III.    ISSUES TO BE DECIDED ............................................................................ 10

IV.     ARGUMENT .................................................................................................. 10

    A.    Plaintiff's Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6)..... 10

        1.    Plaintiff Fails to State a Claim for Violation of the ECPA ...................... 11

            a.    Plaintiff Fails to Plead Any Unlawful Interception ..................... 11

            b.    The Crime Tort Exception Does Not Apply ................................ 15

        2.    Plaintiff's Wiretapping (CIPA Section 631(a)) Claim Should Be Dismissed. ................................................................................................ 18

            a.    Plaintiff Cannot Allege Any Violation of the First Three Clauses Of § 631(a) ........................................................... 19

            b.    Plaintiff Cannot Allege Aiding Or Abetting Liability. ................. 22

        3.    Plaintiff's Common Law Claims for Invasion of Privacy Should Be Dismissed. ............................................................................................ 22

    B.    Several Allegations Should Be Stricken Under Rule 12(f). ................................ 24

V.      CONCLUSION ............................................................................................... 25

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)................................................................................................10

*B.K. v. Eisenhower Med. Ctr.*,
  No. EDCV232092JGBKKX, 2024 WL 878100 (C.D. Cal. Feb. 29, 2024).....................11, 16

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)................................................................................................10

*Boseovski v. McCloud Healthcare Clinic, Inc.*,
  No. 2:16-CV-2491-CMK, 2017 WL 2721997 (E.D. Cal. June 23, 2017).............................13

*Brodsky v. Apple, Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ...............................................................................21

*Brown v. Learfield Commc'ns, LLC*,
  No. 1:23-CV-00374-DAE, 2024 WL 3676709 (W.D. Tex. June 27, 2024),
  *appeal dismissed sub nom.*, No. 24-50632, 2024 WL 5380272 (5th Cir. Nov.
  13, 2024) ................................................................................................................16

*Buckingham v. Gailor*,
  No. 00-CV-1568, 2001 WL 34036325 (D. Md. Mar. 27, 2001), *aff'd sub nom.*
  *Buckingham ex rel. Buckingham v. Gailor*, 20 F. App'x 243 (4th Cir. 2001) ........................13

*Caro v. Weintraub*,
  618 F.3d 94 (2d Cir. 2010).........................................................................................16

*Cody v. Ring LLC*,
  718 F. Supp. 3d 993 (N.D. Cal. 2024) ...............................................................................22

*Cohen v. Casper Sleep Inc.*,
  2018 WL 3392877 (S.D.N.Y. Jul. 12, 2018) ...........................................................16

*Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*,
  891 F. Supp. 2d 13 (D.D.C. 2012) ...............................................................................13

*Cousin v. Sharp Healthcare*,
  681 F. Supp. 3d 1117 (S.D. Cal. 2023)................................................................................18

*D'Angelo v. FCA US, LLC*,
  726 F. Supp. 3d 1179 (S.D. Cal. 2024)........................................................................19, 23

*Desnick v. Am. Broad. Cos., Inc.*,
  44 F.3d 1345 (7th Cir. 1995) ...............................................................................15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*DirecTV, Inc. v. Bush*,
    No. CV-03-0999-PHX (HRH), 2005 WL 8160587 (D. Ariz. Aug. 22, 2005) ...................13

*Doe 1 v. Chestnut Health Sys., Inc.*,
    No. 1:24-CV-01475-JEH-RLH, 2025 WL 1616635 (C.D. Ill. June 6, 2025) ............14, 17, 18

*Doe v. Genesis Health Sys.*,
    No. 4:23-cv-04209-JEH, 2025 WL 1000192 (C.D. Ill. Mar. 18, 2025) .....................11, 14, 17

*Doe v. Kaiser Found. Health Plan, Inc.*,
    No. 23-cv-02865-EMC, 2024 WL 1589982 (N.D. Cal. Apr. 11, 2024)...........................16, 17

*Doe v. Lawrence Gen. Hosp.*,
    No. 5-cv-10081-NMG, ECF No. 41 (D. Mass. Aug. 29, 2025) .......................................14, 17

*In re Facebook Internet Tracking Litig.*,
    263 F. Supp. 3d 836 (N.D. Cal. 2017), *rev'd in part sub nom. In re Facebook,*
    *Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020)....................................................11

*In re Facebook Priv. Litig.*,
    791 F. Supp. 2d 705 (N.D. Cal. 2011) .................................................................................11

*Fantasy, Inc. v. Fogarty*,
    984 F.2d 1524 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994)......................25

*In re Google Cookie Placement Consumer Priv. Litig.*,
    806 F.3d 125 (3d Cir. 2015).................................................................................11, 12, 15

*In re Google Inc. Gmail Litig.*,
    2013 WL 5423918 (N.D. Cal. Sept. 26, 2013) ........................................................................19

*In re Google Location Hist. Litig.*,
    428 F. Supp. 3d 185 (N.D. Cal. 2019) .................................................................................23

*In re Grp. Health Plan Litig.*,
    No. 23-CV-267, 2023 WL 8850243 (D. Minn. Dec. 21, 2023)................................................12

*Hammerling v. Google LLC*,
    615 F. Supp. 3d 1069 (N.D. Cal. 2022) .................................................................................24

*Hannant v. Sarah D. Culbertson Mem'l. Hosp.*,
    No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) ...............14, 17

*Hartley v. Univ. of Chi. Med. Ctr.*,
    No. 22 C 5891, 2023 WL 7386060 (N.D. Ill. Nov. 8, 2023)................................................11

*Heeger v. Facebook, Inc.*,
    2019 WL 7282477 (N.D. Cal. Dec. 27, 2019) .......................................................................23

*Hernandez-Silva v. Instructure, Inc.*,
    No. 2:25-cv-02711-SB-MAA, 2025 WL 2233210 (C.D. Cal. Aug. 4, 2025) ........................20

5

*Hill v. Nat'l Collegiate Athletic Ass'n.*,
    7 Cal.4th 1 (1994) ........................................................................................................22

*In re iPhone Application Litig.*,
    844 F. Supp. 2d 1040 (N.D. Cal. 2012) ......................................................................24

*Jones v. Peloton Interactive, Inc.*
    720 F. Supp. 3d 940 (S.D. Cal. 2024) .........................................................................23

*Jones v. Tonal Sys., Inc.*,
    2024 WL 4357558 (S.D. Cal. Sept. 30, 2024) ............................................................19

*Jurgens v. Build.com*,
    2017 WL 5277679 (E.D. Mo. Nov. 13, 2017) .............................................................14

*K.L. v. Legacy Health*,
    No. 3:23-CV-1886-SI, 2024 WL 4794657 (D. Or. Nov. 14, 2024) .............................18

*Katz-Lacabe v. Oracle Am., Inc.*,
    668 F. Supp. 3d 928 (N.D. Cal. 2023) .........................................................................17

*Khoja v. Orexigen Therapeutics, Inc.*,
    899 F.3d 988 (9th Cir. 2018) .......................................................................................10

*King v. Hard Rock Café Int'l (USA), Inc.*,
    No. 2:24-cv-01119-DC-CKD, 2025 WL 1635419 (E.D. Cal. June 9, 2025) ...............21

*Kirch v. Embarq Mgmt. Co.*,
    702 F.3d 1245 (10th Cir. 2012) ...................................................................................13

*Konop v. Hawaiian Airlines, Inc.*,
    302 F.3d 868 (9th Cir. 2002) .......................................................................................19

*Lau v. Gen Digit. Inc.*,
    2024 WL 1880161 (N.D. Cal. Apr. 3, 2024) ...............................................................20

*Maracich v. Spears*,
    570 U.S. 48 (2013) .......................................................................................................14

*Matera v. Google Inc.*,
    2016 WL 8200619 (N.D. Cal. Aug. 12, 2016) ............................................................19

*O'Shea v. Littleton*,
    414 U.S. 488 (1974).....................................................................................................25

*Peavy v. WFAA-TV, Inc.*,
    221 F.3d 158 (5th Cir. 2000) ..................................................................................12, 13

*Pena v. GameStop, Inc.*,
    670 F. Supp. 3d 1112 (S.D. Cal. 2023)........................................................................12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

6

*Planned Parenthood Fed. of Am., Inc. v. Newman*,
51 F.4th 1125 (9th Cir. 2022) ...................................................................................15, 16

*R.C. v. Sussex Publishers, LLC*,
No. 24-cv-02609-JSC, 2025 WL 948060 (N.D. Cal. Mar. 28, 2025)....................................20

*Rodriguez v. Ford Motor Co.*,
722 F. Supp. 3d 1104 (S.D. Cal. 2024)................................................................................19

*Rodriguez v. Google LLC*,
2022 WL 214552 (N.D. Cal. 2022) .......................................................................................20

*Ruiz v. Gap, Inc.*,
540 F. Supp. 2d 1121 (N.D. Cal. 2008), *aff'd*, 380 F. App'x 689 (9th Cir.
2010) ....................................................................................................................................24

*Saedi v. SPD Swiss Precision Diagnostics GmbH*,
No. 2:24-CV-06525-WLH-E, 2025 WL 1141168 (C.D. Cal. Feb. 27, 2025) ........................18

*Shefts v. Petrakis*,
954 F. Supp. 2d 769 (C.D. Ill. 2013) ....................................................................................13

*Smith v. Facebook, Inc.*,
262 F. Supp. 3d 943 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018) ......................18

*Smith v. YETI Coolers, LLC*,
2024 WL 4539578 (N.D. Cal. Oct. 21, 2024)........................................................................22

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ...............................................................................................10

*Sussman v. Am. Broad. Companies, Inc.*,
186 F.3d 1200 (9th Cir. 1999) ........................................................................................15, 16

*Tavernetti v. Super. Ct.*,
22 Cal. 3d 187 (1978) ..........................................................................................................19

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007).............................................................................................................10

*Valenzuela v. Keurig Green Mountain, Inc.*,
674 F. Supp. 3d 751 (N.D. Cal. 2023) ..................................................................................19

*In re Vizio, Inc., Consumer Priv. Litig.*,
238 F. Supp. 3d 1204 (C.D. Cal. 2017) ................................................................................20

*Williams v. What If Holdings, LLC*,
2022 WL 17869275 (N.D. Cal. Dec. 22, 2022)......................................................................19

*Yoon v. Lululemon USA, Inc.*,
549 F. Supp. 3d 1073 (C.D. Cal. 2021) ................................................................................21

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

7

*In re Zynga Priv. Litig.*,
  750 F.3d 1098 (9th Cir. 2014) ................................................................21, 23

**Statutes**

18 U.S.C. § 2511 ........................................................................................11

18 U.S.C. § 2511(1)(a) ..........................................................................11, 14

18 U.S.C. § 2511(1)(c) ..........................................................................11, 14

18 U.S.C. § 2511(1)(d) ..........................................................................11, 14

18 U.S.C. § 2511(2)(2) ................................................................................12

18 U.S.C. § 2511(2)(d) ....................................................................13, 14, 15

18 U.S.C. § 2520(a) ..............................................................................13, 14

Cal. Penal Code § 631 ............................................................................9, 21

Cal. Penal Code § 631(a) ................................................................18, 19, 22

**Rules**

Fed. R. Civ. P. 12(b) ....................................................................................9

Fed. R. Civ. P. 12(b)(6) ........................................................................10, 25

Fed. R. Civ. P. 12(f) ............................................................................10, 24

**Other Authorities**

45 C.F.R. § 160.103 ....................................................................................24

Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012) ..................................................................................14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

8

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Sydney Dunn ("Plaintiff") alleges that European Wax Center, Inc. ("Defendant") used third party tracking technologies on its website, and these technologies unlawfully intercepted her communications in violation of the Electronic Communications Privacy Act ("ECPA" or "Wiretap Act"), California Invasion of Privacy Act ("CIPA") § 631, and California Constitution.

Here, Plaintiff targets Defendant's publicly accessible, free website, www.waxcenter.com (the "Website"), which provides visitors from across the United States with the ability to book appointments for common aesthetic waxing procedures. A visitor to the Website does not receive medical treatment, and medical information is not at issue in this case. Nevertheless, Plaintiff claims that code on the Website somehow intercepted some unidentified (yet supposedly "sensitive") personal information.

Plaintiff provides virtually no details of her own experiences, stating only that she visited the website to make appointments. (Dkt. 1 ¶ 3.) There are no facts whatsoever explaining how *Plaintiff's* use of the Website resulted in any privacy violations claimed here. Plaintiff has not included any details explaining what "private information" or "sensitive and confidential online communications" of Plaintiff actually were transmitted.  Plaintiff does not allege that any of the screenshots in the Complaint reflect her visits to the Website, nor does she explain how any of the assertions in the Complaint regarding the Website apply to her visits to the Website. These defects are fatal to Plaintiff's Complaint.

Each of Plaintiff's claims also fails under Rule 12(b) because Plaintiff does not identify what information of hers has been intercepted, nor why it should be considered private or sensitive. Her conclusory assertions that unspecified information was "private" or "sensitive" do not satisfy the *Twombly/Iqbal* standard.

A litany of additional reasons justify dismissing each cause of action with prejudice, including, to name a few, that Plaintiff has no legally protectible privacy interest in the data allegedly intercepted by the third-party cookies (for privacy claim), none of the data allegedly collected is the "content" of "communications" (for CIPA wiretap claim), and, Defendant, as a

party to the communication, cannot be liable under the Electronic Communications Privacy Act (ECPA claim).

## II.    FACTUAL BACKGROUND

Defendant owns and operates the Website. (Dkt. 1 ¶ 2.) Plaintiff used the Website to make waxing appointments between June and October 2024. (Dkt. 1 ¶ 3.) Based on her use of the Website, Plaintiff claims her communications have been intercepted by third parties, and that Defendant's disclosure of this "private and sensitive" information invaded her privacy. But Plaintiff does not describe with any specificity her actions on the Website, only that she made appointments.  (Dkt. 1 ¶ 3.) She does not describe what pages she viewed, if she entered any content such as her name, email, or other information into any field, used a search bar, or sent any messages or communications through the Website.

## III.    ISSUES TO BE DECIDED

1.    Has Plaintiff satisfied the Rule 12(b)(6) standard for each of her claims?

2.    Should Plaintiff's screenshots be stricken under Rule 12(f)?

## IV.    ARGUMENT

### A.    Plaintiff's Claims Should Be Dismissed with Prejudice Under Rule 12(b)(6).

To withstand a motion to dismiss under Rule 12(b)(6), a complaint must set forth factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must contain "more than [mere] labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Furthermore, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *see Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 998 (9th Cir. 2018).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

### 1. Plaintiff Fails to State a Claim for Violation of the ECPA

There is no liability under the ECPA if: (1) the defendant is a party to the communication or (2) one of the parties to the communication has given prior consent to such interception unless such communication is intercepted for the purpose of committing any criminal or tortious act. 18 U.S.C. § 2511. Yet Plaintiff alleges Defendant violated the ECPA, 18 U.S.C. § 2511(1)(a), (c), (d), by "intentionally disclosing or endeavoring to disclose" Plaintiff's electronic communications "to Attentive, LinkedIn, and Snapchat." (Dkt. 1 ¶ 106.) Each of Plaintiff's theories require a showing that the defendant "(1) intentionally (2) intercepted, endeavored to intercept or procured another person to intercept or endeavor to intercept (3) the contents of (4) an electronic communication, (5) using a device." *In re Facebook Internet Tracking Litig.*, 263 F. Supp. 3d 836, 844 (N.D. Cal. 2017), *rev'd in part sub nom. In re Facebook, Inc. Internet Tracking Litig.*, 956 F.3d 589 (9th Cir. 2020). Plaintiff fails to sufficiently plead each indispensable element of an ECPA claim.

### a. Plaintiff Fails to Plead Any Unlawful Interception

Here, Plaintiff goes to great lengths to allege Defendant placed various types of alleged "tracking tools" on the website. (Dkt. 1 ¶¶ 19-80.) It is now well-settled law that where a plaintiff claims that use of a pixel on a website resulted in the unlawful interception of the plaintiff's communications, the website owner is a party to the communication. *In re Google Cookie Placement Consumer Priv. Litig.*, 806 F.3d 125, 142-43 (3d Cir. 2015) (dismissing ECPA claim because tracking cookies placed by advertising providers made the advertiser the intended recipient of the electronic transmission); *In re Facebook Priv. Litig.*, 791 F. Supp. 2d 705, 713 (N.D. Cal. 2011) (dismissing ECPA claim on same grounds); *B.K. v. Eisenhower Med. Ctr.*, No. EDCV232092JGBKKX, 2024 WL 878100, at *5 (C.D. Cal. Feb. 29, 2024) (dismissing ECPA claim involving Pixel because defendant was website operator and, therefore, was a party to the information that plaintiff entered on its website); *Hartley v. Univ. of Chi. Med. Ctr.*, No. 22 C 5891, 2023 WL 7386060, at *1 (N.D. Ill. Nov. 8, 2023); *Doe v. Genesis Health Sys.*, No. 4:23-cv-04209-JEH, 2025 WL 1000192, at *8 (C.D. Ill. Mar. 18, 2025).

The ECPA makes clear that liability will only attach to an interception when none of the

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

parties to the communication have consented. *In re Google Inc. Cookie Placement Consumer Priv. Litig.*, 806 F.3d at 135 ("[O]rdinarily, no cause of action will lie against a private person ...['] where one of the parties to the communication has given prior consent to such interception.'" (quoting 18 U.S.C. § 2511(2)(2)); *In re Grp. Health Plan Litig.*, No. 23-CV-267 (JWB/DJF), 2023 WL 8850243, at *7 (D. Minn. Dec. 21, 2023) (holding that if the "defendant is the intended recipient of a communication . . . , then they are 'necessarily one of its parties' and 'have done nothing unlawful under the Wiretap Act,' even when they procured the conversation through a fraud in the inducement or through deceit'"). Clearly, here, one of the parties to the communication—Defendant—consented to the use of pixels and tracking technologies on its Website. Plaintiff herself alleges Defendant "install[ed] the tracking technologies provided by the Third Parties onto its Website." (Dkt. 1 ¶ 4.) Therefore, there can be no question that Defendant was a party to (and an intended recipient of) the alleged communications on the website, where Plaintiff scheduled her appointments. (Dkt. 1 ¶¶ 3, 29-30, 59, 77.) Because Defendant was the party that was meant to, and did, receive Plaintiff's communications on its public website, under the party exception, "any alleged interception of the communication is not actionable." *Pena v. GameStop, Inc.*, 670 F. Supp. 3d 1112, 1118 (S.D. Cal. 2023).

In an attempt to establish liability, Plaintiff's Complaint includes convoluted allegations that Defendant should nonetheless be liable under the ECPA for "procur[ing] another person to intercept" or "endeavor[ing] to intercept" her communications, (Dkt. 1 ¶ 103) and for "disclosing or endeavoring to disclose" Plaintiff's communications, (Dkt. 1 ¶ 105.). Plaintiff's argument fails for numerous reasons.

First, federal appellate authority holds that there is no civil private right of action for aiding and abetting—in other words, no private right of action against a company that allegedly "procures" a third party to intercept a communication or "endeavors to intercept" a communication. *See Peavy v. WFAA-TV, Inc.*, 221 F.3d 158, 169 (5th Cir. 2000). As *Peavy* explained:

> Section 2520(a)'s plain, unambiguous language authorizes a civil action by one whose covered "communication is *intercepted, disclosed, or intentionally used in violation of this chapter*", from "the person or entity *which engaged in that violation*". 18 U.S.C. § 2520(a) (Supp.2000) (emphasis added). "Statutory

12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

construction must begin with the language employed by Congress and the assumption that the ordinary meaning of that language accurately expresses the legislative purpose." *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985). Restated, we must assume Congress meant what it said in the amendment. Accordingly, "that violation" refers only to illegal interception, disclosure, or use, and *not* to procuring interception by another.

*Peavy*, 221 F.3d at 169. Indeed, Congress deleted reference to "procures" when it amended the civil liability provision of the Wiretap Act in 1986. *Id.* at 168-69. *Accord Kirch v. Embarq Mgmt. Co.*, 702 F.3d 1245, 1247 (10th Cir. 2012) (Congress deleted the "procures" clause from the civil remedies provision and "[w]e presume that this deletion was intended to change the statute's meaning"). A number of district courts within the Ninth Circuit and elsewhere have adopted *Peavy*'s construction. *See Boseovski v. McCloud Healthcare Clinic, Inc.*, No. 2:16-CV-2491-CMK, 2017 WL 2721997, at *3 (E.D. Cal. June 23, 2017); *DirecTV, Inc. v. Bush*, No. CV-03-0999-PHX (HRH), 2005 WL 8160587, at *2 (D. Ariz. Aug. 22, 2005); *Shefts v. Petrakis*, 954 F. Supp. 2d 769, 774-77 (C.D. Ill. 2013); *Council on Am.-Islamic Rels. Action Network, Inc. v. Gaubatz*, 891 F. Supp. 2d 13 (D.D.C. 2012); *Buckingham v. Gailor*, No. 00-CV-1568, 2001 WL 34036325 (D. Md. Mar. 27, 2001), *aff'd sub nom. Buckingham ex rel. Buckingham v. Gailor*, 20 F. App'x 243 (4th Cir. 2001).

Second, even if the statute permitted a private right of action against a company that "procures" third parties to intercept a communication to which the company is *not* a party, the statute cannot be interpreted to permit a private right of action against a company that "procures" third parties to intercept a communication or "discloses" a communication *to which it is a party*. The Wiretap Act states that "*It shall not be unlawful* under this chapter for a person … to intercept a wire, oral, or electronic communication where such person is a party to the communication *or* where one of the parties to the communication has given prior consent to such interception…" 18 U.S.C. § 2511(2)(d) (emphasis added). The statute's use of the disjunctive word "or" makes clear that an interception is "not…unlawful" if *either* of the two criteria are met: (1) "such person is a party to the communication" *or* (2) "one of the parties to the communication has given prior consent to such interception…" *Id.* The civil remedies provision provides a cause of action only where the "communication is intercepted, disclosed, or intentionally used *in violation of this chapter*…" 18 U.S.C. § 2520(a). Thus, where the original interception was not "not…unlawful"

13

under Section 2511(2)(d) because the person was a party to the communication or a party to the communication consented to the interception, there is no "violation" under Section 2520(a).

Having expressly conceded that Defendant was a party to the communications at issue as the website owner and operator, (Dkt. 1 ¶ 14), Plaintiff cannot state a claim under the Wiretap Act. This is true regardless of whether Plaintiff's theory is that Defendant itself "intercepted" the communications, that the Defendant "procured" third parties to intercept the communication, or that the Defendant "used" or "disclosed" those communications. (*See generally* Dkt. 1.) In each instance, the statute makes clear that such interception is "not…unlawful under this chapter…" 18 U.S.C. § 2511(2)(d). *See, e.g.*, *Doe v. Lawrence Gen. Hosp.*, No. 5-cv-10081-NMG, ECF No. 41 (D. Mass. Aug. 29, 2025) (recommending dismissal of ECPA claim, holding that it was evident that the defendant was a party to the communications and the ECPA was a one-party consent statute and finding plaintiff had failed to plausibly plead a criminal or tortious purpose independent of the interception itself); *Hannant v. Sarah D. Culbertson Mem'l. Hosp.*, No. 4:24-CV-04164-SLD-RLH, 2025 WL 2413894 (C.D. Ill. Aug. 20, 2025) (dismissing ECPA claim and holding that the plaintiff had failed to establish the crime-tort exception because she had not alleged sufficient factual details to plausibly allege that her individually identifiable health information had been disclosed); *Doe v. Genesis Health Sys.*, 2025 WL 1000192, at *8-9 (C.D. Ill. Mar. 18, 2025) (applying party exception to plaintiff's theory that defendant "intentionally intercepted, endeavored to intercept and procured another person to intercept" plaintiff's communications through use of "tracking technology on its Website"); *Doe 1 v. Chestnut Health Sys., Inc.*, No. 1:24-CV-01475-JEH-RLH, 2025 WL 1616635, at *11-12 (C.D. Ill. June 6, 2025) (applying party exception to claims under Section 2511(1)(a), (c), and (d)); *Jurgens v. Build.com*, 2017 WL 5277679, at *4 (E.D. Mo. Nov. 13, 2017) (holding that an "interception is a necessary element for each type of violation").

This construction is also supported by the harmonious-reading canon because "[t]he provisions of a text should be interpreted in a way that renders them compatible . . . ." *Maracich v. Spears*, 570 U.S. 48, 68 (2013) (quoting Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 180 (2012)). Plaintiff's proposed theory of liability renders

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

incompatible the provisions of the ECPA because it is nonsensical to interpret the statute as expressly *permitting* a defendant to intercept communications when that defendant is a party to the communication, and expressly *permitting* a third party to intercept those communications with the defendant's consent, but making it *unlawful* for that *same* defendant to "use" those communications or to "procure" the third party to intercept them.

### b. The Crime Tort Exception Does Not Apply

Although there is a statutory exception for one-party consent under the Wiretap Act where a "communication is intercepted for the purpose of committing any criminal or tortious act in violation of the Constitution or laws of the United States or of any State," 18 U.S.C. § 2511(2)(d), this exception does not apply where the allegedly unlawful activity is the interception itself. Instead, "[t]his criminal or tortious purpose must be *separate and independent* from the act of the recording." *Planned Parenthood Fed. of Am., Inc. v. Newman*, 51 F.4th 1125, 1136 (9th Cir. 2022) (emphasis added). In other words, "the focus is not upon whether the interception itself violated another law; it is upon whether the *purpose* for the interception—its intended use—was criminal or tortious." *Sussman v. Am. Broad. Companies, Inc.*, 186 F.3d 1200, 1202 (9th Cir. 1999) (quotation marks omitted). For example, the Ninth Circuit has held that the crime-tort exception does not apply where the interception itself "may well have been a tortious invasion of privacy under state law," but the interception was not "done for the purpose of facilitating some further impropriety, such as blackmail…" *Id.* at 1202-03. *See also Planned Parenthood*, 51 F.4[th] at 1135-36 (holding that crime-tort exception did not apply where the purported civil RICO scheme and the secret recording were one and the same). *See also In re Google Cookie Placement,* 806 F.3d at 145 ("a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is *independent* of the intentional act of recording") (emphasis in original) (citation omitted); *Desnick v. Am. Broad. Cos., Inc.*, 44 F.3d 1345, 1353 (7th Cir. 1995) (refusing to apply the exception where "[t]he defendants did not order the camera-armed testers into the Desnick Eye Center *in order to commit a crime or a tort*") (emphasis added). Plaintiff has not pled a predicate criminal or tortious act for at least three independent reasons.

Baker & Hostetler LLP
Attorneys at Law
Los Angeles

15

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

***First***, Plaintiff has not identified a single crime or tort *separate and independent* from Defendant's alleged use of third-party tracking tools to intercept communications. Plaintiff contends Defendant acted with a criminal or tortious purpose because the alleged capture of Plaintiff's browsing activity and form entries on the website via use of third-party tracking tools amounts to "invasion of privacy." (Dkt. 1 ¶ 108.) But this alleged capture of Plaintiff's browsing and form entry activities via third-party tracking tools is the *same* conduct that Plaintiff alleges is an unlawful interception under the Wiretap Act. (Compl. ¶ 127 ("Plaintiff and Class Members had a reasonable expectation that their sensitive and confidential online communications, identities, and other data would remain confidential and that *Defendant would not install wiretaps on* *www.waxcenter.com*.") (emphasis added).

Under binding Ninth Circuit law, the crime-tort exception does not apply where, as here, the purportedly tortious or criminal activity is *the interception itself*, as opposed to a purpose to use the intercepted communication to commit a separate unlawful activity such as blackmail. *See Sussman*, 186 F.3d at 1202; *Planned Parenthood*, 51 F.4th at 1135-36. *See also Doe v. Kaiser Found. Health Plan, Inc.*, No. 23-cv-02865-EMC, 2024 WL 1589982, at *8-10 (N.D. Cal. Apr. 11, 2024) (analyzing *Sussman* and dismissing ECPA claim based on use of third-party web tracking technologies because "the act of interception itself cannot be the crime or the tort"); *B.K.*, 2024 WL 878100 at *5 (dismissing Wiretap Act claim holding that, "[w]hile Plaintiffs allege that Defendant engaged in the allegedly illegal interception of their and the proposed class members' information 'for Defendant's commercial advantage,' Plaintiffs do not allege that this purpose constitutes independently illegal or actionable conduct such that the party exception is inapplicable."); *Cohen v. Casper Sleep Inc.*, 2018 WL 3392877, at *3-4 (S.D.N.Y. Jul. 12, 2018) (rejecting argument that tortious or criminal conduct exception should apply to alleged internet tracking; "This too fails because Defendants did not intercept communications 'for the purpose' of committing a crime or tort."); *Caro v. Weintraub*, 618 F.3d 94, 100 (2d Cir. 2010); *Sussman v. American Broadcasting Cos.*, 186 F.3d 1200, 1201–03 (9th Cir. 1999); *Brown v. Learfield Commc'ns, LLC*, No. 1:23-CV-00374-DAE, 2024 WL 3676709, at *5 (W.D. Tex. June 27, 2024), *appeal dismissed sub nom.*, No. 24-50632, 2024 WL 5380272 (5th Cir. Nov. 13, 2024) ("This

Court agrees with an overwhelming majority of courts holding that the crime-tort exception does not apply to the alleged interception itself; instead, 'a plaintiff must plead sufficient facts to support an inference that the offender intercepted the communication for the purpose of a tortious or criminal act that is independent of the intentional act of recording.'"); *Katz-Lacabe v. Oracle Am., Inc.*, 668 F. Supp. 3d 928, 945 (N.D. Cal. 2023) ("Plaintiffs' attempt to invoke the crime-tort exception, requiring them to plead sufficient facts to show that 'the primary motivation or a determining factor in the interceptor's actions has been to injure plaintiffs tortiously,' does not apply to a case such as this, where Defendant's 'purpose has plainly not been to perpetuate torts on millions of Internet users, but to make money.'").

***Second***, Plaintiff has not plausibly alleged that that Defendant's *purpose* in using third-party technologies on its website was tortious or criminal. For the crime-tort exception to apply, "the goal or aim of the interception itself must have been to use the intercepted information to commit a crime or tort. It is not enough that a crime or tort was a mere side-effect of the interception." *Lawrence Genl Hosp.*, No. 5-cv-10081-NMG, ECF. No. 41 at 21. Here, however, Plaintiff clearly and repeatedly alleges that Defendant's *purpose* in using third-party technologies was to market its services, not to violate any law. (Compl. ¶¶ 19-27, 35-43, 49, 62-65, 73-74.) Marketing is not a criminal or tortious purpose that would trigger the crime-tort exception. *See Kaiser Foundation Health Plan*, 2024 WL 1589982, at *10 (dismissing ECPA claim where "the apparent purpose was to use the information collected for market research and consumer analysis"); *Lawrence Gen. Hosp.*, No. 5-cv-10081-NMG, ECF. No. 41 at 31-34; *Chestnut Health Sys.*, 2025 WL 1616635, at *12 (dismissing ECPA claim where plaintiff failed to allege that defendant's purpose in using third-party technology was to violate the law, as opposed to facilitating advertising and marketing). Moreover, numerous courts have held that a tortious or criminal purpose was lacking where—as here—the information shared was not protected by HIPAA or some other statute. *See Lawrence Gen. Hosp.*, No. 5-cv-10081-NMG, ECF. No. 41 at 31-34; *Sarah D. Culbertson Memorial Hospital*, 2025 WL 2413894, at *3-5 (dismissing ECPA claim where plaintiff failed to allege facts plausibly demonstrating that her own HIPAA-protected information had been disclosed); *Genesis Health Sys.*, 2025 WL 1000192, at *9 (dismissing ECPA

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

claim where plaintiff failed to plausibly allege "a specific intent that the Defendant knew its acts were in violation of the HIPAA"); *Chestnut Health Sys.*, 2025 WL 1616635, at *12; *Saedi v. SPD Swiss Precision Diagnostics GmbH*, No. 2:24-CV-06525-WLH-E, 2025 WL 1141168, at *13 (C.D. Cal. Feb. 27, 2025) ("Where Defendant SPD cannot violate HIPAA as a matter of law, this alleged violation cannot serve as the basis for the Crime-Tort Exception to apply. The Plaintiff has not presented case law to demonstrate that, in the case of an entity not subjected to HIPAA, a hypothetical violation would be sufficient to invoke the Crime-Tort Exception."); *K.L. v. Legacy Health*, No. 3:23-CV-1886-SI, 2024 WL 4794657, at *6 (D. Or. Nov. 14, 2024) ("Plaintiff's ECPA claim may proceed only with respect to the Patient Portal, where she alleges that PHI was disclosed. As with her breach of confidence claim, this claim may not proceed with respect to alleged disclosures from the Public Website."); *Cousin v. Sharp Healthcare*, 681 F. Supp. 3d 1117, 1123–24 (S.D. Cal. 2023) ("Plaintiffs allege that they used www.sharp.com, a public website, to 'research ... doctors,' 'look for providers,' and 'search for medical specialists' and that through the sharing of this data, Defendant allowed Meta to collect their sensitive medical information. However, other courts have held that this type of data collection is not considered 'Protected Health Information' because 'nothing about [the] information relates specifically to Plaintiffs' health' and the information is 'general health information that is accessible to the public at large.' The Court therefore finds that Plaintiffs cannot maintain their claims based upon the theory that Defendant's sharing of their browsing activity, collected on its publicly facing website, is a disclosure of their sensitive medical information.") (quoting *Smith v. Facebook, Inc.*, 262 F. Supp. 3d 943, 954–55 (N.D. Cal. 2017), *aff'd*, 745 F. App'x 8 (9th Cir. 2018)).

***Third***, Plaintiff has not alleged any tortious "invasion of privacy" at all, as explained in Section IV(A)(3) *infra*. The types of internet communications at issue in this case—which concern Plaintiff's alleged activities browsing Defendant's public website and booking appointments for common aesthetic waxing procedures—are simply not subject to any legitimate claim of privacy.

### 2. Plaintiff's Wiretapping (CIPA Section 631(a)) Claim Should Be Dismissed.

CIPA Section 631(a) prohibits a defendant from itself engaging in one of three activities: (1) "intentional wiretapping," (2) "willfully attempting to learn the contents or meaning of a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

communication in transit over a wire," or (3) using or "attempting to use or communicate information obtained as a result of engaging in either of the previous two activities." *D'Angelo*, 726 F. Supp. 3d at 1196 (citing *Tavernetti v. Super. Ct.*, 22 Cal. 3d 187, 192 (1978)); *see* Cal. Penal Code § 631(a). Section 631(a) also includes a fourth basis for liability, for anyone "who aids, agrees with, employs, or conspires with any person or persons to unlawfully do, or permit, or cause to be done any of the other three bases for liability." Cal. Penal Code § 631(a). To establish a violation of § 631(a)'s aiding and abetting clause, a plaintiff must plausibly allege a violation of one of the first three clauses. *Rodriguez v. Ford Motor Co.*, 722 F. Supp. 3d 1104, 1113–14 (S.D. Cal. 2024); *see also Williams v. What If Holdings, LLC*, 2022 WL 17869275, at *2 (N.D. Cal. Dec. 22, 2022) (Alsup, J.) (stating that an aiding-and-abetting defendant's "liability…is…based entirely on whether [a third party] violated Section 631(a) in some way"). Although not entirely clear from the Complaint, Plaintiffs appear to assert claims under all three clauses of § 631(a). And because CIPA is a penal statute, Plaintiffs must allege scienter. *See infra*, Section IV(B)(4).

### a. Plaintiff Cannot Allege Any Violation of the First Three Clauses Of § 631(a)

**Clause 1:** Plaintiff cannot state a claim under the first clause of § 631(a) because it does not apply to online conduct. *See Valenzuela v. Keurig Green Mountain, Inc.*, 674 F. Supp. 3d 751, 755 (N.D. Cal. 2023) (Corley, J.) (first clause of "Section 631(a)'s plain text does not prohibit the non-telephonic conduct"); *In re Google Inc. Gmail Litig.*, 2013 WL 5423918, at *20 (N.D. Cal. Sept. 26, 2013) (Koh, J.) (describing the "limitation of 'telegraphic or telephone' on 'wire, line, cable, or instrument' in the first clause"); *Matera v. Google Inc.*, 2016 WL 8200619, at *21 (N.D. Cal. Aug. 12, 2016) (Koh, J.) ("[T]he second clause of section 631, *as opposed to the first clause*, is not limited to communications passing over 'telegraph or telephone' wires, lines, or cables) (emphasis added).

**Clause 2:** The second clause of Section 631(a) is violated only where a third party "reads, or attempts to read, or to learn the *contents or meaning of any message*, report, or communication *while the same is in transit.*" *Jones v. Tonal Sys., Inc.*, 2024 WL 4357558 at *4 (S.D. Cal. Sept. 30, 2024) (emph. added); *see Konop v. Hawaiian Airlines, Inc.*, 302 F.3d 868, 878 (9th Cir. 2002);

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

*Lau v. Gen Digit. Inc.*, 2024 WL 1880161, at *1 (N.D. Cal. Apr. 3, 2024) (Lin, J.) (wiretapping concerns "the unauthorized *interception* of communications, not any subsequent storage and/or use"). Put simply, the alleged third-party eavesdropper must read or learn the content of communication while it is en route to the intended recipient. The Court should reject Plaintiff's single, conclusory allegation that communications are intercepted "in transit." (Dkt. 1 ¶ 3.) *See In re Vizio, Inc., Consumer Priv. Litig.*, 238 F. Supp. 3d 1204, 1228 (C.D. Cal. 2017) (dismissing wiretap claim because the "conclusory allegation that Vizio intercepted their electronic communications 'during transmission'" was only supported by "vague allegations about how Vizio's data collection occurs in real-time."); *Rodriguez v. Google LLC*, 2022 WL 214552, at *1-2 (N.D. Cal. 2022) (Seeborg, C.J.) ("Using the word 'intercept' repeatedly is simply not enough without the addition of specific facts that make it plausible Google is intercepting their data in transit.").

Significantly, Plaintiff's specific allegations are that *two* distinct transmissions of information occur – an "original" and a "second":

> When consumers access and navigate the Website, Attentive's software script surreptitiously directs the user's browser to *send a separate message to Attentive's servers*. This second, secret transmission *contains the original GET request* sent to the host website *along with additional data* that Attentive's code is configured to collect. This transmission is initiated by Attentive's code and concurrent with the communications with the host website.

(Dkt. 1 ¶ 29 (emphasis added); *see also id.* ¶ 58 (alleging LinkedIn receives a "second, secret transmission [that] contains the original GET request sent to the host website along with additional data").) Sending a second transmission requires a first transmission to occur. A software script that sends a *second*, separate transmission to Attentive or LinkedIn—a transmission which "contains the original GET request sent to [Defendant's] website along with additional data" as Plaintiff alleges—cannot  possibly occur at the same time that the initial transmission to Defendant was in transit. *See Hernandez-Silva v. Instructure, Inc.*, No. 2:25-cv-02711-SB-MAA, 2025 WL 2233210, at *5 (C.D. Cal. Aug. 4, 2025) (dismissing CIPA claim, holding "[l]earning the content of a communication after it has been sent is not eavesdropping…"); *R.C. v. Sussex Publishers, LLC*, No. 24-cv-02609-JSC, 2025 WL 948060, at *7 (N.D. Cal. Mar. 28, 2025)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

(dismissing CIPA claim where "Plaintiffs do not plausibly allege [defendant] views or reads the information while it is in transit" because allegations that defendant "receives, views, reads, and processes the data" do not plausibly support that defendant views or reads the information *in real time during transit* as opposed to *after* receipt). Further, although Plaintiff generally alleges that Snapchat would receive "electronic communications of website visitors entered into search bars, chat boxes, and online quizzes in real time[,]" (Dkt. 1 ¶ 71), her Complaint is devoid of any allegations that she entered any text into search bars, chat boxes, or online quizzes. To the contrary, her sole alleged experience is visiting the website "at least three times to schedule multiple appointments." (Dkt. 1 ¶ 3.)

Plaintiff's "clause 2" claim also fails because she has not alleged the "contents or meaning" of any intercepted communication. *Brodsky v. Apple, Inc.*, 445 F. Supp. 3d 110, 127 (N.D. Cal. 2020) (Section 631 prohibits only the "unauthorized access of the contents of any communication"). Under the CIPA, the "contents" of a communication are limited to "the intended message conveyed by the communication, and does not include record information regarding the characteristics of the message that is generated in the course of the communication." *In re Zynga Priv. Litig.*, 750 F.3d 1098, 1106 (9th Cir. 2014). While Plaintiff repeatedly asserts that the allegedly transmitted information (again not connected to Plaintiff's experiences) are private communications and therefore the "content" of a communication, *see* Compl. ¶ 142, courts have held that any specifically stated data (browsing history, page views, booking information, etc.) are unprotected "record information," not content. *See King v. Hard Rock Café Int'l (USA), Inc.*, No. 2:24-cv-01119-DC-CKD, 2025 WL 1635419, at *4 (E.D. Cal. June 9, 2025) (dismissing CIPA claim based on transmission of address, phone number, email address, zip code, and button click data reflecting specific hotel, travel dates, and room details because that data is only "record information" and not the "contents" of a communication); *Brodsky*, 445 F. Supp. 3d at 127 (text messages are content, but "usernames, passwords, and geographic location information are not"); *Yoon v. Lululemon USA, Inc.*, 549 F. Supp. 3d 1073, 1082–83 (C.D. Cal. 2021) (holding that "keystrokes, mouse clicks, pages viewed, and shipping and billing information ... [and] the date and time of the visit, the duration of the visit, Plaintiff's IP address, her location at the time of the

visit, her browser type, and the operating system on her device" are not "content" under 631(a)).

**Clause 3:** Finally, because Plaintiff "failed to allege…violation of the first or second clauses, [she has] also failed to plead a violation of the third clause." *Cody v. Ring LLC*, 718 F. Supp. 3d 993, 1003 (N.D. Cal. 2024) (Martínez-Olguín, J.). As these defects cannot be cured on amendment, dismissal with prejudice is appropriate.

### b.  Plaintiff Cannot Allege Aiding Or Abetting Liability.

Even if Plaintiff plausibly plead a violation of Clauses 2 and 3, which she does not, to state an aiding and abetting claim under CIPA, Plaintiff must also plausibly allege that Defendant caused her browser to store the cookies and to transmit information with "knowledge of the conduct that will violate the statute and a purpose of aiding, agreeing with, or employing the third party to commit those acts." *Smith v. YETI Coolers, LLC*, 2024 WL 4539578, at *4 (N.D. Cal. Oct. 21, 2024) (Lin, J.). Here, Plaintiff does not and cannot plausibly allege that Defendant knew that the ubiquitous cookie technology at issue, which was designed and offered for commercial use by reputable companies like LinkedIn, inherently (according to Plaintiff) violates CIPA, and that Defendant placed these technologies on its website *for the purpose of* aiding or employing these third parties to violate CIPA, as opposed to the legitimate, commercial business purposes these technologies are so clearly intended for. To the contrary, Plaintiff acknowledges the legitimate purpose of deploying these cookies—for analytics and advertising purposes—which precludes Plaintiff from establishing the requisite intent. (Dkt. 1 ¶¶ 35, 62, 105.)

Plaintiff's CIPA Section 631(a) claim should be dismissed with prejudice.

### 3.  Plaintiff's Common Law Claims for Invasion of Privacy Should Be Dismissed.

To state a claim for invasion of privacy under the California Constitution, Plaintiff must plausibly allege: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) conduct by the defendant constituting a serious invasion of privacy. *Hill v. Nat'l Collegiate Athletic Ass'n.*, 7 Cal.4th 1, 39, 40 (1994).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

Plaintiff has not alleged a legally protected privacy interest[1] in the information accessed because she has wholly failed to allege what private information of hers was collected. Her complaint contains words including "sensitive" and "private," but she has failed to identify what information should be considered private in booking appointments for a common elective aesthetic service.   In the same vein, Plaintiff has not established that she or any other Website user possessed a reasonable expectation of privacy as to the information collected.

Courts have routinely held that website visitors have no reasonable expectation of privacy in the very type of information purportedly at issue, including visit history, website interactions, user input data, shopping behaviors, referring URLs, session information, and/or user identifiers, (*See, e.g.*, Dkt. 1 ¶¶ 30, 32, 67). *See In re Zynga*, 750 F.3d at 1108-09 (finding no reasonable expectation of privacy in the URL of a website the plaintiff previously had visited or in basic identification information); *In re Google Location Hist. Litig.*, 428 F. Supp. 3d 185, 198 (N.D. Cal. 2019) (Davila, J.) (no reasonable expectation of privacy in their geolocation data); *D'Angelo v. FCA US, LLC*, 726 F. Supp. 3d 1179, 1206 (S.D. Cal. 2024) (no invasion of privacy for collection of user's account name, IP address, geographic location, and referral site URL).

Repeatedly referring to hypothetical collected information allegedly shared by Plaintiff as "sensitive and confidential online communications," does not make it so, and Plaintiff in any event fails to explain how visiting a public website would be private, or how any allegedly collected information constitutes a "communication" between Plaintiff and Defendant. *See Jones v. Peloton Interactive, Inc.* 720 F. Supp. 3d 940, 950–51 (S.D. Cal. 2024) (granting motion to dismiss because there is no legally protected privacy interest in the contents of internet-connected chats with defendant where plaintiff did not allege she shared any sensitive and confidential information and instead vaguely alleged a chat *could* include private or sensitive information); *Heeger v. Facebook, Inc.*, 2019 WL 7282477, at *4 (N.D. Cal. Dec. 27, 2019) (Donato, J.) (dismissing privacy claim where plaintiff only made bareboned and vague allegation that Facebook collected his "private"

---

[1] Because Plaintiff has failed to identify the sensitive information she allegedly communicated, any argument to suggest this issue is inappropriate at the motion to dismiss stage because it could be a fact-specific inquiry lacks merit.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

location data).

Further, in contrast to protected health information that a person provides in visiting, for example, a doctor's office, elective hair removal is not a medical procedure subject to Health Insurance Portability and Accountability Act or other recognized privacy protections. *See* 45 CFR 160.103 (HIPAA applies to "covered entity" which "means: (1) A health plan. (2) A health care clearinghouse. (3) A health care provider who transmits any health information in electronic form in connection with a transaction covered by this subchapter."). Plainly, the information at issue is not medical information or information otherwise protected by law.

Finally, nothing Defendant did was highly offensive. As other courts in this district have recognized, "data collection and disclosure to third parties that is 'routine commercial behavior' is not a 'highly offensive' intrusion of privacy." *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1090 (N.D. Cal. 2022) (collecting cases); *In re iPhone Application Litig.*, 844 F. Supp. 2d 1040, 1063 (N.D. Cal. 2012) (Koh, J.) (dismissing privacy claim with prejudice because sharing data including "unique device identifier number, personal data, and geolocation information from Plaintiffs' Devices" was routine commercial behavior and not highly offensive). And, electronic data collection and disclosure is no "egregious breach of social norms" *"[e]ven assuming this information was transmitted without Plaintiffs' knowledge and consent . . . ." In re iPhone*, 844 F. Supp. 2d at 1063 (emphasis added).

The same result as in *In re iPhone*—dismissal with prejudice—is warranted here. In fact, courts have dismissed invasion of privacy claims (under both California's Constitution and common law) when far more sensitive data allegedly was collected and disclosed. *See, e.g., Ruiz v. Gap, Inc.,* 540 F. Supp. 2d 1121, 1128 (N.D. Cal. 2008) (Conti, J.), *aff'd*, 380 F. App'x 689 (9th Cir. 2010) (alleged disclosure of Social Security Numbers "do[es] not constitute an egregious breach" of social norms).

**B.   Several Allegations Should Be Stricken Under Rule 12(f).**

Numerous allegations in the Complaint also should be stricken under Rule 12(f), which authorizes a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

A Rule 12(f) order properly avoids spending time and money litigating spurious issues by striking allegations that are, *inter alia*, "impertinent" or "immaterial." *Fantasy, Inc. v. Fogarty*, 984 F.2d 1524, 1527 (9th Cir. 1993), *rev'd on other grounds*, 510 U.S. 517 (1994). Matter is immaterial if it has no essential or important relationship to the claim for relief pleaded, and impertinent if it does not pertain and is not necessary to the issues in question in the case. *Id.*

All screenshots incorporated in the Complaint and references to the screenshots should be stricken as immaterial and impertinent, or, alternatively, all claims related to them should be dismissed under Rule 12(b)(6). (*See* Dkt. 1 ¶¶ 15, 22, 24, 25, 30, 32, 59, 60, 74, 77, 79.)[2] They are undated, so not within any statute of limitations applicable to this case. There are no allegations that they were taken by Plaintiff, and there are no allegations these images are of Plaintiff's device, web browser, Website pages visited, cookies allegedly placed, or information allegedly shared.  In short, these screenshots have nothing to do with Plaintiff's own alleged experiences, so they are properly stricken as immaterial and impertinent. *See O'Shea v. Littleton*, 414 U.S. 488, 494 (1974) ("if none of the named plaintiffs purporting to represent a class establishes the requisite of a case or controversy with the defendants, none may seek relief on behalf of himself or any other member of the class.").

## V.    CONCLUSION

Plaintiff's Complaint suffers from a host of incurable defects.  Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirety with prejudice or, in the alternative, that certain allegations be dismissed and/or stricken.

Dated:  September 15, 2025                    Respectfully submitted,

                                               **BAKER & HOSTETLER LLP**

                                               By:    */s/ Teresa C. Chow*
                                                        Teresa C. Chow
                                                        *Attorneys for Defendant*

---

[2] For example, the time field in Figure 8 likely represents an unnamed person who visited on July 23, 2025, as time is typically calculated in milliseconds from January 1, 1970 to the time at issue. Plaintiff alleges she visited the website between June and October 2024. (Dkt. 1 ¶ 3.)

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

## CERTIFICATE OF SERVICE

I am employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1900 Avenue of the Stars, Suite 2700, Los Angeles, CA 90067. On September 15, 2025, I served a copy of the within document(s):

**DEFENDANT EUROPEAN WAX CENTER, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS CLASS ACTION COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

| ☑ | **CM/ECF:** I hereby certify that a copy of the foregoing was electronically filed in this case with the clerk of the court and served through the Court's CM/ECF system, which will send notification of this filing to all registered CM/ECF users listed below. |
|---|---|

Sarah N. Westcot (State Bar No. 264916)          *Attorneys for Plaintiff*
BURSOR & FISHER, P.A.                                    SYDNEY DUNN
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: *swestcot@bursor.com*

| ☑ | **VIA U.S. MAIL:** By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. |
|---|---|

Stephen A. Bech (*pro hac vice* forthcoming)          *Attorneys for Plaintiff*
BURSOR & FISHER, P.A.                                    SYDNEY DUNN
701 Brickell Avenue, Suite 2100
Miami, FL 33131
Telephone: (305) 330-5512
Facsimile: (305) 676-9006
Email: *sbeck@bursor.com*

I declare under penalty of perjury under the laws of the United States of America that the above is true and correct. Executed on September 15, 2025, at Los Angeles, California.

_____/s/ Jasmine Saucedo_____
Jasmine Saucedo

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES